**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 1:20-CR-343 |
| Plaintiff, | : : | |
| | : | JUDGE SOLOMON OLIVER JR. |
| vs. | : : | |
| MUSTAFAH OMAR HAWKINS, | : : | **DEFENDANT'S MOTION TO REVOKE DETENTION ORDER** |
| Defendant. | : | |

Under 18 U.S.C. § 3145(b), Mustafa Hawkins moves to revoke the Magistrate Judge's June 11, 2020 order. *See* Dkt. 11, Detention Order, PageID 26-28. Even if Mr. Hawkins is ultimately convicted he faces a guidelines range of 15-21 months. He has been in custody since June 5, 2020. Mr. Hawkins is not a flight risk, and there are conditions that will reasonably assure community safety – namely, electronic monitoring, and any other conditions the Court deems appropriate. On de novo review, the Court should revoke the detention order and release Mr. Hawkins on bond.

"When reviewing a pretrial detention order of a magistrate judge, the Court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." *See United States v. Amir*, No. 1:10-CR-439, 2011 U.S. Dist. LEXIS 75640, *9 (N.D. Ohio Jul. 13, 2011) (internal quotation marks omitted); *United States v. Pritchard*, No. 5:08-MJ-5017, 2008 WL 920434 (N.D. Ohio Apr. 3, 2008) (citing *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992)). "[M]eaningful de novo review means that the district court should engage in the same analysis, with the same options, under § 3142 as the magistrate judge." *United States v. Yamini*, 91 F. Supp.2d 1125, 1129 (S.D. Ohio 2000).

1

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). "A defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *Id.* (quoting 18 U.S.C. § 3142(e)(1)) (alteration in *Stone*). There is no presumption in favor of detention here.

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must consider these factors:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant, including:

(a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record of appearance at court proceedings; and

(b) whether at the time of the current offense or arrest the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of a sentence; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Court must impose the least restrictive conditions necessary to reasonably assure the person's appearance as required and the community's safety. *See* 18 U.S.C. § 3142(c). The statute lists thirteen specific conditions that the Court may impose, 18 U.S.C. § 3142(c)(1)(B)(i) - (xiii),

plus "any other condition that is reasonably necessary to assure the appearance of the defendant as required and the safety of any other person and the community," 18 U.S.C. § 3142(c)(1)(B)(xiv).

The magistrate judge erred in concluding no condition or combinations of conditions exist that would reasonably ensure the safety of the community or Defendant's appearance. Dkt. 11, PageID 27. The magistrate judge found these factors supported detention: (1) weight of the evidence; (2) Mr. Hawkins' prior criminal history; (3) history of violence; (4) history of alcohol abuse; (5) lack of stable employment; and (6) lack of stable residence. Dkt. 11, PageID 27.

Mr. Hawkins is accused of transmitting, through interstate commerce, a threat to injure another person. 18 U.S.C. § 875(c). The charge stems from posts found on a Facebook account. The only evidence is the public posts from this Facebook account. Defense counsel is researching whether these alleged posts were "true threats" or protected First Amendment speech. *See Elonis v. United States*, 575 U.S. 723 (2015). Even if this Court were to conclude Mr. Hawkins made these statements and they are not protected speech, there is no evidence Mr. Hawkins ever took steps to act on any alleged threat. There is no evidence Mr. Hawkins was involved in any civil unrest or gathering materials to injure anyone. Law enforcement never sought a search warrant for Mr. Hawkins' residence, which suggests they were not concerned that his residence contained materials that could be used to injure others. These facts weigh against a finding of dangerousness.

The parties agree that, if convicted, Mr. Hawkins' guideline range would be approximately 15 to 21 months. Dkt. 11, Det. Hrg., PageID 93. Mr. Hawkins has already been in custody almost four months[1] and it will likely be some time before the defense can complete its investigation because of the pandemic. Keeping Mr. Hawkins in custody pending trial will eventually force him

---

[1] Mr. Hawkins was arrested on June 5, 2020.

3

to choose between exercising his right to trial or pleading to secure his release. The relatively low guidelines range weighs against finding Mr. Hawkins is a risk of flight.

Mr. Hawkins' criminal history also does not support a finding of danger to the community or risk of flight. Mr. Hawkins is 27 years old and has minimal criminal history. His adult criminal history consists of two minor misdemeanor offenses for misconduct on public transportation. Although he was charged with misdemeanor domestic violence in 2018, that case was dismissed after he successfully completed a diversion program. This is the extent of his criminal history. The magistrate judge erred in finding Mr. Hawkins' criminal history supported detention.

While there is evidence that Mr. Hawkins has a history of alcohol abuse, there are conditions of release which can protect the public. For example, the Court can prohibit Mr. Hawkins from drinking and require he participate in substance abuse treatment, counseling, and/or testing. Mr. Hawkins' trouble with alcohol should not be a basis to deny him bond.

The magistrate judge ordered Mr. Hawkins detained because the court found he had a lack of stable employment and a lack of stable residence. Although Mr. Hawkins was not employed when he was arrested, he had only recently become unemployed. Mr. Hawkins has a history of gainful employment. There is no reason to conclude he could not secure a job if released on bond. Additionally, Mr. Hawkins has a stable place to live. His cousin, Eunique Worley, has advised undersigned counsel that Mr. Hawkins can stay in her rental property on Union Avenue in Cleveland. The unit is being vacated by Mr. Hawkins' brother and he would be the only person living there.[2]

---

[2] Counsel has the specific address for the apartment and a contact number for Ms. Worley and will provide this information to probation or the Court upon request.

As previously stated, "[t]he default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Mr. Hawkins is not a risk of flight and there are conditions of release which will reasonable assure the safety of the community. 18 U.S.C. § 3142(c)(1)(B). Mr. Hawkins requests this Court revoke the detention order and grant Mr. Hawkins bond pending trial, with such conditions as the Court deems just and appropriate.

    Respectfully submitted,

    STEPHEN C. NEWMAN
    Federal Public Defender
    Ohio Bar: 0051928

    */s/Charles E. Fleming*_____
    CHARLES E. FLEMING
    Assistant Federal Public Defender
    Ohio Bar: 0046778
    1660 West Second Street, Suite #750
    Cleveland, OH 44113
    (216) 522-4856 Fax: (216)522-4321
    E-mail: charles_fleming@fd.org