IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR343 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| MUSTAFAH OMAR HAWKINS, | ) | GOVERNMENT'S RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| Defendant. | ) | MOTION TO REVOKE DETENTION |
| | ) | ORDER |
| | ) | |

Now comes the Plaintiff, United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Yasmine Makridis, Assistant United States Attorney, and hereby submits its opposition to Defendant's Motion to Revoke Detention Order for the reasons set forth as follows.

**I.  STATEMENT OF FACTS**

On June 4, 2020 FBI agents received information that Mustafah Hawkins was transmitting threats via Facebook. The threats were:

a. On May 31, 2020, "We finna start smoking y'all n-----s when we see y'all killing n-----s and y'all supposed to be the police. Mark my words the change is here."

b. On June 1, 2020, "These the n-----s y'all told me not to shoot for strong arming my fellow brothers?"

c. On June 1, 2020, "B---h n---a what curfew I work PASSED 8. Y'all wanna get shot I see".

d. On June 2, 2020, "I can assemble a flash mob easy Sunday. Idgaf who reading this We gone fly passed with the Tov's in the backseat and fling em!"

e. On June 2, 2020, "I been said burn little Italy to the ducking ground we was literally 40 n-----s deep in our way until them n-----s shot that tear gas and we had to stand with our n-----s. Very next riot I promise to bring to y'all Italian n-----s on that strip on mommy".

FBI agents acted quickly and arrested Hawkins for a violation of Title 18, United States Code, Section 875(c), Interstate Communication of Threats. During his arrest, Hawkins stated "all this for trolling on Facebook."

Pre-Trial services recommended detention and the Government moved for detention. At the detention hearing, FBI Special Agent Peter Mauro testified about his knowledge of the case. The Government proffered the Pre-Trial services report as evidence in support of detention. The Pre-Trial services report stated that Hawkins had no known current employment as he had been terminated for intoxication. He also had no permanent address. Hawkins had prior convictions for misconduct on transportation, and had been charged with domestic violence. Despite these charges being minor offenses, Hawkins had still failed to appear for court three times in the past.

On June 17, 2020 United States Magistrate Judge Baughman found that the Government had proven by clear and convicting evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. Magistrate Judge Baughman also found by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required. (R.11: Order of Detention, PageID 26-28). The reasons for detention included that the weight of the evidence against the defendant is strong, his prior criminal history, history of

violence or use of weapons, history of alcohol or substance abuse, lack of stable employment, and lack of stable residence. *Id.*

## II. LAW AND ARGUMENT

District courts review a magistrate's order of pretrial detention under a *de novo* standard. *United States v. Alexander*, 742 F. Supp. 421, 423 (N.D. Ohio 1990). Under 18 U.S.C. § 3142, "a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.' " *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing § 3142(e)); *United States v. Cunningham,* No. 1:19CR701, 2020 WL 2464873, at 2 (N.D. Ohio May 13, 2020).

A finding that no conditions will reasonably assure the safety of another person or the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). However, no standard of proof is given for a finding that no conditions will reasonably assure the defendant's appearance. Courts have held that such a finding must be supported by a preponderance of the evidence. *United States v. Patriarca,* 948 F.2d 789, 793 (1st Cir.1991); *United States v. Aitken,* 898 F .2d 104, 107 (9th Cir.1990); *United States v. King,* 849 F.2d 485, 489 (11th Cir.1988); *United States v. McConnell,* 842 F.2d 105, 110 (5th Cir.1988); *United States v. Jackson,* 823 F.2d 4, 5 (2nd Cir.1987); *United States v. Vortis,* 785 F.2d 327, 328-29 (D.C.Cir.) (per curiam); *United States v. Portes,* 786 F.2d 758, 765 (7th Cir.1985); *United States v. Orta,* 760 F.2d 887, 891 n. 20 (8th Cir.1985).

 In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the court takes into account the available information concerning—

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. §3142(g).

Magistrate Judge Baughman did not err in finding that Hawkins is a flight risk and danger to the community. The nature and circumstances of the offense support detention. Hawkins made extremely violent threats that involved the use of firearms and explosives. He advocated for harm to innocent civilians and property. Contrary to defense's argument, law enforcement took the threats Hawkins made very seriously, as evidenced by the fact that they arrested him quickly.

The fact that Hawkins was not found in possession of bomb making material does not weigh against a finding that he is a danger to the community. Law enforcement arrested Hawkins before he had an opportunity to assemble a "flash mob… Sunday" and "fly passed with the Tov's in the backseat and fling em!" An individual does not need to have an arsenal of firearms

or bomb making materials in his home in order to create a Molotov cocktail. Molotov cocktails are a crude incendiary device that consist of a bottle filled with flammable liquid and a means of ignition. They are relatively easy to make.

The weight of the evidence against Hawkins is strong as he admitted to posting the threats on Facebook. The threats he made do not enjoy the privilege of protected speech. While the First Amendment states that Congress shall make "no law… abridging the freedom of speech…," the First Amendment does not protect "true threats." U.S. Const. amend. I; *Virginia v. Black*, 538 U.S. 343, 359 (2003). In the context of a § 875(c) prosecution, the First Amendment requires that the threat be real—a "true threat." *Watts,* 394 U.S. at 708, 89 S. Ct. 1399. Once the government shows that a reasonable person would perceive the threat as real, any concern about the risk of unduly chilling protected speech has been answered. For if an individual makes a true threat to another, the government has the right, if not the duty, to "protect[ ] individuals from the fear of violence, from the disruption that fear engenders, and from the possibility that the threatened violence will occur," all of which places the menacing words and symbols "outside the First Amendment." *United States v. Jeffries*, 692 F.3d 473, 478 (6th Cir. 2012) citing *R.A. V. v. City of St. Paul,* 505 U.S. 377, 388, 112 S. Ct. 2538, 120 L. Ed. 2d 305 (1992); *cf. Chaplinsky v. New Hampshire,* 315 U.S. 568, 62 S. Ct. 766, 86 L. Ed. 1031 (1942).

The Sixth Circuit, evaluating "true threats" recognizes that "to be a true threat, the defendant must subjectively intend his communication to be threatening." *United States v. Doggart*, 906 F.3d 506, 512 (6th Cir. 2018). Statements qualify as threatening when they amount to "a serious expression of an intention to inflict bodily harm." *United States v. Houston*, 683 F.

App'x 434, 438 (6th Cir. 2017). Hawkins' posts, coupled with his stated motive, rise to the level of "true threats" and, therefore, are not protected under the First Amendment.

Hawkins has no current employment. He has been terminated in the past for gross intoxication. He has no permanent address and has failed to appear for court on three occasions. In his prior cases he did not face lengthy jail sentences, and he still failed to appear for court. Therefore, his history and characteristics support detention.

Hawkins is a danger to the community. His statements on Facebook must be taken seriously. He posted about shooting police officers and burning communities. He made sure that his threats were taken seriously by stating "mark my words" "on mommy" and "I promise." His relatively low guideline range does not mean that the community would not be endangered by his release. The government maintains that there are no conditions that would reasonably assure the safety of the community.

### III. CONCLUSION

Defendant is a flight risk and a danger to the community. For the foregoing reasons, the government respectfully requests that this Court deny Defendant's request for an order revoking the current order of detention.

    Respectfully submitted,

    JUSTIN E. HERDMAN
    United States Attorney

By:   /s/ Yasmine Makridis
    Yasmine Makridis (OH: 0090632)
    Assistant United States Attorney
    100 E. Federal Street,
    City Centre One, Suite 325
    Youngstown, OH 44503
    (330) 740-6992
    (330) 746-0239 (facsimile)
    Ymakridis@usa.doj.gov