UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:20 CR 343 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| MUSTAFAH OMAR HAWKINS, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Defendant Mustafah Hawkins's ("Defendant" or "Hawkins") Motion to Revoke Detention Order ("Motion") (ECF No. 20). For the following reasons, the court grants the Motion.

## I. BACKGROUND

FBI agents arrested Hawkins on June 5, 2020, after receiving information about statements on Hawkins's Facebook page threatening violence against police officers and certain areas of Cleveland. (Resp. at PageID #102–03, ECF No. 21.) The Government moved for pretrial detention, and the Magistrate Judge held a detention hearing on June 11, 2020. (Hr'g Tr., ECF No. 18.) Consistent with Pretrial Service's recommendation, the Magistrate Judge found that Hawkins posed a danger to the community and a flight risk and therefore ordered him detained. (Order, ECF No. 11.) Hawkins was subsequently indicted on July 1, 2020, on one count of transmitting a threat through interstate commerce, in violation of 18 U.S.C. § 875(c). (Indictment, ECF No. 12.) On September 30, 2020, Hawkins filed this Motion (ECF No. 20) asking the court to revoke the Magistrate Judge's detention order. The Government filed a Response in Opposition (ECF No. 21) on October 6, 2020.

## II.  LEGAL STANDARD

A federal district court reviews a magistrate judge's pretrial detention order "de novo and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Amir*, No. 1:10-CR-439, 2011 WL 2711350, at *3 (N.D. Ohio July 13, 2011) (quoting *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992)). This means that "the district court should engage in the same analysis, with the same options, under § 3142 as the magistrate judge." *United States v. Yamini*, 91 F.Supp.2d 1125, 1129 (S.D. Ohio 2000). A court may rely on the evidence and offers of proof presented at the original detention hearing before the magistrate judge, as well as additional evidence and offers of proof at its discretion. *United States v. Zapien*, No. 3:14-CR-37, 2014 WL 1028435, at *2 (M.D. Tenn. Mar. 17, 2014).

Under 18 U.S.C. § 3142(e), pretrial detention is required if the court finds that no condition or combination of conditions of release will reasonably assure the safety of the community or that defendant will appear as required at future proceedings. While the government must show clear and convincing evidence that the defendant poses a danger to the community if released, it needs to show only a preponderance of evidence that defendant is a flight risk. *See* 18 U.S.C. §§ 3142(e)–(f); *see also, e.g.*, *United States v. Tortora*, 922 F.2d 880, 883–84 (1st Cir. 1990) (holding that government must prove by clear and convincing evidence that defendant poses a danger to community); *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (holding that government must prove by preponderance of the evidence that defendant presents a flight risk); *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004) (same). A finding that the defendant is either a flight risk or a danger to the community supports a detention order; proof of both is not necessary. *See United States v. Ferranti*, 66 F.3d 540, 543–44 (2d Cir. 1995).

Certain offenses carry a rebuttable presumption of detention, meaning the court presumes the

defendant is a flight risk and a danger to the community. *See* 18 U.S.C. §§ 3142(e)(3). To avoid detention, a defendant facing these charges must present sufficient evidence to rebut the presumption. *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

To determine whether there are conditions of release that will reasonably assure the defendant's presence at trial and the community's safety, district courts consider: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including their character, mental and physical condition, family and community ties, employment status, financial resources, criminal history, substance-abuse history, and probation or supervised release status; and (4) the nature and seriousness of the danger posed to the community by the defendant's potential release. 18 U.S.C. § 3142(g).

### III. LAW AND ANALYSIS

Hawkins argues that the Magistrate Judge erred by ordering pretrial detention and, pursuant 18 U.S.C. § 3145(b), asks this court to revoke the Detention Order. After *de novo* review, the court agrees that Hawkins should be released pending trial.

The Magistrate Judge correctly determined that Hawkins's alleged offense does not trigger a presumption of detention, but he nonetheless ordered detention after finding that Hawkins posed a danger to the community and a flight risk. (Order, ECF No. 11.) Specifically, the Detention Order cited the weight of the evidence, Hawkins's prior criminal history, his history of violence and alcohol abuse, and his lack of stable residence or employment. (*Id.* at PageID #27–28.)

In his Motion, Hawkins argues that these findings were in error. First, as to dangerousness, Hawkins emphasizes that his Facebook posts were merely speech and that "there is no evidence [he] ever took steps to act on any alleged threat." (Mot. at PageID #99, ECF No. 20.) The Motion further suggests that these posts may constitute constitutionally protected speech. (*Id.* at PageID #100

("Defense counsel is researching whether these alleged posts were 'true threats' or protected First Amendment speech.").) Second, Hawkins argues that his criminal history—which consists of two minor misdemeanors and a misdemeanor domestic violence charge that ultimately was dismissed—does not support detention. (*Id.*) Third, although Hawkins admits his history of alcohol abuse, he maintains that the court can impose conditions of release to alleviate any alcohol-related concerns. (*Id.*) Fourth, the Motion asserts that Hawkins "had only recently become unemployed" before his arrest, he "has a history of gainful employment," and "[t]here is no reason to conclude he could not secure a job if released on bond." (*Id.*) Finally, Hawkins claims that he has stable living accommodations available if released. (*Id.*)

The Government responds that Hawkins's Facebook posts are "true threats" that must be taken seriously. According to the Government, the fact that Hawkins had no "arsenal of firearms or bomb making materials in his home" is of no moment because it merely demonstrates that the FBI agents arrested "Hawkins before he had an opportunity to" carry out his threats. (Resp. at PageID #105–06, ECF No. 21.) The Government also emphasizes Hawkins's history of being "terminated in the past for gross intoxication" and three instances in which he failed to appear for court. (*Id.* at PageID #107.)

After reviewing the parties' arguments and the applicable law, the court finds that Hawkins should be released on bond. As the Sixth Circuit has made clear, "[t]he default position of the law . . . is that a defendant should be released pending trial." *Stone*, 608 F.3d at 945. And in this case, the court finds that the Government has not met its burden to show that Hawkins is a danger to the community or a flight risk because conditions of release are available that will reasonably assure the public's safety and Hawkins's appearance at future proceedings. The court in no way diminishes or discounts the severity of Hawkins's statements. But as the Untied States concedes, there is no

evidence that Hawkins made any preparations or took steps to carry out his threats.[1] (*See* Resp. at PageID #105–06, ECF No. 21.) Further, the court finds well-taken Hawkins's arguments that adequate conditions can be imposed to address concerns regarding his alcohol abuse and that he is positioned, with stable housing, to pursue gainful employment upon his release.

### IV. CONCLUSION

For the foregoing reasons, the court grants Hawkins's Motion to Revoke Detention Order (ECF No. 20). The court hereby orders Hawkins to be released, after processing, on an unsecured bond in the amount of $50,000. In addition to the standard conditions of release, Hawkins shall remain under home detention and electronic location monitoring, with appropriate leave for such purposes as deemed warranted by the Pretrial and Probation Officer—*e.g.*, to work, attend religious services, or visit a doctor. Further, Hawkins shall not consume or possess alcohol, and he shall submit to periodic testing as ordered by the Pretrial and Probation Officer to ensure compliance with this condition. Hawkins is to remain in custody until his residence can be verified. The period of additional custody for this purpose shall not exceed fourteen (14) days from the date of this Order unless extended by further order of this court. In addition, before his release to home detention, Hawkins shall quarantine for fourteen (14) days and complete a medical clearance to minimize the possibility of spreading COVID-19 to the public.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

November 3, 2020

---

[1] The court expresses no position on the merits of the First Amendment issues the parties preview in their briefs.